IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Lawrence Bostic, ) | C/A No. 0:14-4857-DCN-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden Cecelia Reynolds, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

    The petitioner, Robert Lawrence Bostic, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 23.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 25.) Bostic filed a response in opposition (ECF No. 31), and the respondent replied (ECF No. 32). Having carefully considered the parties' submissions and the record in this case, the court finds that Bostic's Petition is barred by 28 U.S.C. § 2244(d) as untimely.

### BACKGROUND

    Bostic was indicted in April 2006 in Sumter County for manufacturing crack cocaine (06-GS-43-473), trafficking crack cocaine 28 to 100 grams (06-GS-43-474), trafficking (powder) cocaine more than 100 grams (06-GS-43-475), possession of a pistol with obliterated or removed serial numbers (06-GS-43-476), and possession of marijuana (06-GS-43-477). (App. at 381-94, ECF No.

24-2 at 185-98.) Bostic was represented by Wade S. Kolb, Esquire, and on September 18, 2006, pled guilty to manufacturing crack cocaine, trafficking crack cocaine 28 to 100 grams, trafficking in powder cocaine 28 to 100 grams, and possession of a pistol. (App. at 139, 147-48, 151-54, 161-62, ECF No. 24-1 at 142, 150-51, 154-57, 164-65.) The circuit court sentenced Bostic to ten years' imprisonment for manufacturing crack cocaine, ten years' imprisonment for each trafficking offense, and five years' imprisonment for possession of a pistol, all sentences to be served concurrently. (App. at 188-89, ECF No. 24-1 at 191-92.)

Bostic timely appealed and was represented by LaNelle C. Durant, Esquire, of the South Carolina Commission on Indigent Defense, who filed an Anders[1] brief on Bostic's behalf. (App. at 192-99, ECF No. 24-1 at 195 through ECF No. 24-2 at 3.) Bostic filed a *pro se* response to the Anders brief. (ECF No. 34-1.) On July 11, 2008, the South Carolina Court of Appeals dismissed Bostic's appeal. (State v. Bostic, Op. No. 2008-UP-367 (S.C. Ct. App. July 11, 2008), App. at 203-04, ECF No. 24-2 at 7-8.) Bostic's petition for rehearing was denied on August 1, 2008. (App. at 205, ECF No. 24-2 at 9.) The remittitur was issued on September 9, 2008. (App. at 207, ECF No. 24-2 at 11.)

Bostic filed a *pro se* application for post-conviction relief on September 19, 2007 ("2007 PCR"). (Bostic v. State of South Carolina, 07-CP-43-1986, App. at 208-22, ECF No. 24-2 at 13-26.) On March 31, 2009, the PCR court held an evidentiary hearing at which Bostic appeared and

---

[1] Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.



testified and was represented by Brian Benenhaley, Esquire. By order filed June 2, 2009, the PCR court denied and dismissed Bostic's 2007 PCR application with prejudice. (App. at 312-19, ECF No. 24-2 at 116-23.)

Bostic, represented by Appellate Defender Robert M. Pachak, Esquire, of the South Carolina Commission on Indigent Defense, filed a Johnson[2] petition for a writ of certiorari on November 24, 2009. (App. at 320-25, ECF No. 24-2 at 125-29.) Bostic filed a *pro se* response to the Johnson petition. (ECF No. 24-5.) On December 2, 2010, the South Carolina Supreme Court issued an Order denying Bostic's petition for a writ of certiorari. (App. at 328, ECF No. 24-2 at 132.) The remittitur was issued December 21, 2010. (App. at 329, ECF No. 24-2 at 133.)

Bostic filed a second *pro se* application for post-conviction relief on October 3, 2011 ("2011 PCR"). (Bostic v. State of South Carolina, 11-CP-43-1847, App. at 330-54, ECF No. 24-2 at 134-58.) The State filed a return and motion to dismiss. (App. at 355-62, ECF No. 24-2 at 159-66.) On November 23, 2011, the PCR court filed a conditional order of dismissal in which it found Bostic's 2011 PCR application to be successive and untimely. (App. at 369-74, ECF No. 24-2 at 173-78.) Bostic, through counsel Tommy A. Thomas, Esquire, filed a response to the conditional order on December 28, 2011. (App. at 375-78, ECF No. 24-2 at 179-82.) By order filed July 13, 2012, the PCR court denied and dismissed Bostic's 2011 PCR application with prejudice. (App. at 379-80, ECF No. 24-2 at 183-84.)

Bostic, represented by Appellate Defender Breen Richard Stevens, Esquire, of the South Carolina Commission on Indigent Defense, filed a petition for a writ of certiorari on February 13,

---

[2] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals).



2013. (ECF No. 24-6.) On July 3, 2014, the South Carolina Court of Appeals issued an Order denying Bostic's petition for a writ of certiorari. (ECF No. 24-9.) The remittitur was issued July 21, 2014. (ECF No. 24-10.)

Bostic filed the instant Petition for a writ of habeas corpus on December 19, 2014.[3] (ECF No. 1.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the

---

[3] See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).



entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Statute of Limitations**

The respondent argues that Bostic's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see Gonzalez v. Thaler, 132 S. Ct. 641 (2012). Because Bostic filed a direct appeal, his conviction became final on September 1, 2008[4]—the expiration of the time in which Bostic could have timely filed a petition for a writ of certiorari following the issuance of

---

[4] August 31, 2008 was a Sunday; therefore, Bostic had until the following Monday, September 1, 2008 to file his to file his direct appeal. See Rule 263(a), SCACR.



the South Carolina Court of Appeals's order on Bostic's petition for rehearing.[5]  See Rule 242(c), SCACR (instructing that a petition for a writ of certiorari shall be filed "within thirty (30) days after the petition for rehearing or reinstatement is finally decided by the Court of Appeals"); Gonzalez, 132 S. Ct. at 653-54 ("[B]ecause [petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired."). Accordingly, the limitations period began to run on September 2, 2008, and expired September 1, 2009, unless the period was at any time tolled for any properly filed state PCR application.  28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Bostic filed his first state PCR application on September 19, 2007—prior to the conclusion of Bostic's direct appeal.  Accordingly, Bostic's federal period of limitations was immediately tolled. The period of limitations remained tolled during the pendency of the 2007 PCR action until December 21, 2010, when the South Carolina Supreme Court issued the remittitur from its order

---

[5] Because Bostic did not seek certiorari from the South Carolina Supreme Court, he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court.  Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008); see also 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort).  The court observes that on February 19, 2009 the South Carolina Supreme Court stated that it "will no longer entertain petitions for writs of certiorari where the Court of Appeals has dismissed an appeal after conducting an Anders review."  State v. Lyles, 673 S.E.2d 811, 813 (S.C. 2009).  However, Lyles had not been issued at the time of Bostic's direct appeal.



denying Bostic's petition for a writ of certiorari.[6] At this time, Bostic had 365 days of statutory time remaining, which means that Bostic had until December 20, 2011 to file a timely federal habeas corpus petition.

Bostic filed a second PCR application on October 3, 2011. However, this application did not toll the statute of limitations for the instant federal Petition because the PCR court dismissed it as untimely. See Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that a state PCR application that is rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not entitle the petitioner to statutory tolling). Therefore, Bostic's statutory deadline expired on December 20, 2011. Bostic's federal Petition was filed on April 25, 2014—over two years after the expiration of the statute of limitations.

**C.     Bostic's Response**

To avoid application of § 2244(d) regarding the timeliness of the instant federal habeas Petition, Bostic must show that the one-year limitations period should be equitably tolled under applicable federal law. See Holland v. Florida, 560 U.S. 631 (2010) (concluding that § 2244(d) is subject to the principles of equitable tolling); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted); see also Holland, 560 U.S. at 649. Equitable tolling is available only in "those rare instances

---

[6] Although the respondent included a calculation of Bostic's PCR action tolling the statutory deadline until the denial of certiorari on December 2, 2010, (see Respt.'s Mem. Supp. Summ. J., ECF No. 24 at 13), the court has used the date that the remittitur was issued out of an abundance of caution. See Gonzalez, 132 S. Ct. at 654 n.10 (distinguishing between the provisions of § 2244(d)(2) and (d)(1)); see also Rule 221(b), SCACR.



where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) (*en banc*) (internal quotation marks and citation omitted); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).  Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present:  "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

In response to the respondent's argument that his federal Petition was untimely filed, Bostic appears to argue that the one-year statute of limitations should not begin to run until the completion of his 2011 PCR application.  (See Petr.'s Resp. Opp'n Mot. Summ. J., ECF No. 31 at 3.)  As stated above, § 2244(d)(1)(A) is clear that the one-year statute of limitations runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Further, § 2244(d)(2) provides that the time that any *properly filed* PCR or other collateral review is pending will not be counted toward any period of limitation.  As Bostic's 2011 PCR application was dismissed as untimely, it was not "properly filed" and therefore did not toll the statute of limitations for his federal Petition.  See Pace, 544 U.S. at 408.  Although Bostic appears to challenge the PCR court's determination that his 2011 application was successive and untimely and rejecting Bostic's argument under state law that newly discovered evidence would warrant a new PCR application, the court finds this argument unavailing.  See, e.g., Ajamu-Osagboro v. Patrick, 620 F. Supp. 2d 701, 712-13 (E.D. Pa. 2009) ("Because state court rulings on questions of state law are binding in federal habeas proceedings, a state court determination of untimeliness,



like any other determination of state law, is not properly subject to second-guessing on federal habeas review.") (internal citation omitted).

To the extent that Bostic's argument could be construed to assert that his "newly discovered evidence" should delay the commencement of the limitations period pursuant to § 2244(d)(1)(D), the court finds this argument to be without merit. Section 2244(d)(1)(D) provides that the limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The relevant date in examining § 2244(d)(1)(D) is the date that Bostic could have discovered through the exercise of reasonable diligence the claims presented in his Petition. The "newly discovered evidence" that Bostic relies upon is that on or about April 23, 2011 Bostic discovered that the lead investigator/arresting officer in his case was a convicted felon, and that this lack of information materially impacted his case. (See Petr.'s Resp. Opp'n Mot. Summ. J., ECF No. 31 at 3-4.) As indicated above, the PCR court found that this information "does not amount to sufficient newly-discovered evidence to warrant a new PCR application under Lanier v. Lanier, 364 S.C. 211, 612 S.E.2d 456 (S.C. App. 2005) and Hayden v. State, 278 S.C. 610, 299 S.E.2d 854 (S.C. 1983)." (App. at 373, ECF No. 24-2 at 177.) However, even assuming without deciding that Bostic's newly discovered evidence satisfies the requirements of § 2254(d)(1)(D), Bostic's federal Petition was nonetheless filed approximately two years after the expiration of the statute of limitations.

Based on the circumstances presented in this matter, Bostic's arguments do not constitute the type of extraordinary circumstances necessary to justify equitable tolling. Similarly, Bostic has failed to provide sufficient information to demonstrate that he has been pursuing his rights diligently to timely file a federal habeas petition. See Pace, 544 U.S. at 418; see also Holland, 560 U.S. at 649;



Pace, 544 U.S. at 419 (denying equitable tolling to a habeas petitioner who waited years to file his PCR petition and months after his PCR trial to seek relief in federal court); Harris, 209 F.3d at 330 ("Under long-established principles, petitioner's lack of diligence precludes equity's operation.").

**D.     Other Motions**

Bostic filed a motion for default in which he argues that the respondent did not timely file an answer. (ECF No. 21.) Bostic also filed a motion for a writ of mandamus, also seemingly based on the respondent's failure to file an answer. (ECF No. 27.)

First, default judgments are generally not available in habeas actions. See Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir. 1984) (reasoning that "were district courts to enter default judgments without reaching the merits of the claim, it would be not the defaulting party but the public at large that would be made to suffer"); see also Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims in a petition for habeas corpus does not entitle the petitioner to a default judgment."); Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987) (noting that "a default judgment is not contemplated in habeas corpus cases"); Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970) ("Rule 55(a) has no application in habeas corpus cases."); Garland v. Warden, C/A No. 4:08-1668-JFA-TER, 2008 WL 4834597 (D.S.C. 2008). Moreover, the court observes that the respondent requested and was granted two extensions of time to file her return, and that the respondent timely filed her return within the time period granted by the court's order. (See ECF Nos. 9, 10, 16, 18, & 24.) Accordingly, Bostic's motions for default and for a writ of mandamus should be denied.



## RECOMMENDATION

Based upon the foregoing, the court finds that Bostic's Petition was not timely filed and is therefore barred by § 2244(d).  Accordingly, the court recommends that the respondent's motion for summary judgment (ECF No. 23) be granted and Bostic's Petition dismissed as untimely.  The court further recommends that Bostic's motions for default and for a writ of mandamus be denied.  (ECF Nos. 21 & 27.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 30, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).